James A. Hunter (JH-1910)
HUNTER & KMIEC
150 East 44th Street, No. 9A
New York, New York  10017
Tel: (646) 666-0122
Fax: (646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE, <br><br> Plaintiff, <br><br> – v. – <br><br> PHOENIX VENTURE FUND LLC; SG PHOENIX VENTURES LLC; PHILIP S. SASSOWER; and ANDREA GOREN, <br><br> Defendants, <br><br> – and – <br><br> COMMUNICATION INTELLIGENCE CORPORATION, <br><br> Nominal Defendant. | ECF CASE <br><br> No. _____ <br><br> COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b) <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Donna Ann Gabriele Chechele, by her attorneys Hunter & Kmiec, hereby complains of Defendants, averring as follows:

**JURISDICTION AND VENUE**

1. This action arises under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).  Jurisdiction is conferred upon

this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

2. Venue is properly laid in this District pursuant to Section 27 of the Act because each non-nominal Defendant is found in and transacts business in this District and because some or all of the purchases and sales of securities described herein occurred in this District.

## THE PARTIES

3. Plaintiff Donna Ann Gabriele Chechele is a New Jersey resident and shareholder of nominal Defendant Communication Intelligence Corporation.

4. Nominal Defendant Communication Intelligence Corporation is a Delaware corporation with a principal place of business located at 275 Shoreline Drive, Suite 500, Redwood Shores, California 94065.  This action is brought in the right and for the benefit of Communication Intelligence Corporation, which is named as a nominal party solely to have all necessary parties before the Court.

5. Defendant Phoenix Venture Fund LLC (the "Phoenix Fund") is a Delaware limited liability company with a principal place of business located at 110 East 59th Street, New York, New York 10022.

6. Defendant SG Phoenix Ventures LLC ("SG Phoenix") is a Delaware limited liability company with a principal place of business located at 110 East 59th Street, New York, New York 10022.  SG Phoenix is the managing member of the Phoenix Fund.

7. Defendant Philip S. Sassower is a natural person whose principal place of business is located at 110 East 59th Street, New York, New York 10022. Mr. Sassower is one of the two co-managers of SG Phoenix.

8. Defendant Andrea Goren (collectively with the Phoenix Fund, SG Phoenix, and Philip S. Sassower, the "Phoenix Defendants") is a natural person whose principal place of business is located at 110 East 59th Street, New York, New York 10022. Mr. Goren is the other of the two co-managers of SG Phoenix.

## STATUTORY REQUISITES

9. The violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

10. At all relevant times, the common stock of nominal Defendant Communication Intelligence Corporation was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78*l*.

11. Demand for prosecution was made on nominal Defendant Communication Intelligence Corporation by Plaintiff on December 14, 2010. More than 60 days have passed since such demand was made, during which time nominal Defendant Communication Intelligence Corporation has failed to file suit. Further delay in filing suit would be a futile gesture.

12. This action is brought within two years of the occurrence of the violations described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), setting forth the substance of the

transactions here complained of were first filed with the U.S. Securities and Exchange Commission ("SEC").

## FACTUAL ALLEGATIONS

13.     The Phoenix Fund purchased and sold shares of the common stock of nominal Defendant Communication Intelligence Corporation as described in paragraphs 14-23 below, in each case at a time when the Phoenix Fund beneficially owned in excess of 10% of the outstanding shares of the common stock of nominal Defendant Communication Intelligence Corporation.

### The May 2009 Purchases

14.     Transaction #1: On May 28, 2009, the Phoenix Fund purchased a warrant to acquire 11,364,592 shares of the common stock of nominal Defendant Communication Intelligence Corporation at an exercise price of $0.06 per share on or before June 30, 2012.

15.     For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the Phoenix Fund's purchase of the warrant described in paragraph 14 above was equivalent in all relevant respects to the non-exempt purchase by the Phoenix Fund of 11,364,592 shares of the common stock of nominal Defendant Communication Intelligence Corporation at the price of $0.08 per share, such price being the contemporaneous price of nominal Defendant Communication Intelligence Corporation's common stock on the open market on May 28, 2009.

16.     Transaction #2: On May 28, 2009, the Phoenix Fund and nominal Defendant Communication Intelligence Corporation agreed to amend an outstanding

warrant held by the Phoenix Fund to acquire 20,214,285 shares of the common stock of nominal Defendant Communication Intelligence Corporation at an exercise price of $0.14 per share on or before June 30, 2011.  Under the terms of the amended warrant, the Phoenix Fund had the right to acquire 47,166,666 shares of the common stock of nominal Defendant Communication Intelligence Corporation at an exercise price of $0.06 per share on or before June 30, 2012.

17. For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the amendment of the warrant as described in paragraph 16 above was equivalent in all relevant respects to (i) the non-exempt sale by the Phoenix Fund of the outstanding warrant and (ii) the simultaneous non-exempt purchase by the Phoenix Fund of a new warrant having the amended terms.

18. For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the Phoenix Fund's purchase of the new warrant as described in paragraph 17 above was equivalent in all relevant respects to the non-exempt purchase by the Phoenix Fund of 47,166,666 shares of the common stock of nominal Defendant Communication Intelligence Corporation at the price of $0.08 per share, such price being the contemporaneous price of nominal Defendant Communication Intelligence Corporation's common stock on the open market on May 28, 2009.

### The October 2009 Sales

19. <u>Transaction #3</u>: On October 27, 2009, the Phoenix Fund exercised a warrant to acquire 60,474,609 shares of the common stock of nominal Defendant Communication Intelligence Corporation at an exercise price of $0.06 per share.

Pursuant to certain terms of the warrant permitting its "cashless exercise," the Phoenix Fund paid the aggregate exercise price of $3,628,476.54 for such shares by relinquishing its right to delivery of 17,699,886 shares of common stock issuable upon exercise of the warrant, which shares were withheld by nominal Defendant Communication Intelligence Corporation.

20. For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the withholding of 17,699,886 shares of the common stock of nominal Defendant Communication Intelligence Corporation to pay the aggregate exercise price of the warrant as described in paragraph 19 above was equivalent in all relevant respects to the non-exempt sale by the Phoenix Fund of 17,699,866 shares of the common stock of nominal Defendant Communication Intelligence Corporation at the price of $0.205 per share.

21. <u>Transaction #4</u>: On October 29, 2009, the Phoenix Fund exercised a warrant to acquire 1,139,832 shares of the common stock of nominal Defendant Communication Intelligence Corporation at an exercise price of $0.06 per share. Pursuant to certain terms of the warrant permitting its "cashless exercise," the Phoenix Fund paid the aggregate exercise price of $68,389.92 for such shares by relinquishing its right to delivery of 338,564 shares of common stock issuable upon exercise of the warrant, which shares were withheld by nominal Defendant Communication Intelligence Corporation.

22. For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the withholding of 338,564 shares of the common stock of

nominal Defendant Communication Intelligence Corporation to pay the aggregate exercise price of the warrant as described in paragraph 21 above was equivalent in all relevant respects to the non-exempt sale by the Phoenix Fund of 338,564 shares of the common stock of nominal Defendant Communication Intelligence Corporation at the price of $0.202 per share.

23.     The following table summarizes the Section 16 consequences of the Phoenix Fund's transactions in the common stock of nominal Defendant Communication Intelligence Corporation as described in paragraphs 14-22 above:

| Date of Transaction | Section 16 Treatment | Number of Shares | Price per Share |
|---|---|---|---|
| May 28, 2009 | Purchase of Common Stock | 11,364,592 | $0.08 |
| May 28, 2009 | Purchase of Common Stock | 47,166,666 | $0.08 |
| October 27, 2009 | Sale of Common Stock | 17,699,886 | $0.205 |
| October 29, 2009 | Sale of Common Stock | 338,564 | $0.202 |

**FIRST CLAIM FOR RELIEF**
**(AS TO ALL THE PHOENIX DEFENDANTS)**

24.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-23 above.

25.     At all relevant times, each Phoenix Defendant beneficially owned in excess of 10% of the outstanding shares of the common stock of nominal Defendant Communication Intelligence Corporation.

26. Each sale of the common stock of nominal Defendant Communication Intelligence Corporation described in paragraphs 19-23 above occurred within six months of, and at a price higher than, each purchase of the common stock of nominal Defendant Communication Intelligence Corporation described in paragraphs 14-17 and 23 above.

27. Each Phoenix Defendant had a pecuniary interest, directly or indirectly, in some or all of the shares of the common stock of nominal Defendant Communication Intelligence Corporation purchased and sold as described in paragraphs 14-23 above.

28. Under the "lowest-in, highest-out" method for computing realized profits pursuant to Section 16(b) of the Act, the Phoenix Defendants realized recoverable profits as a result of the transactions described in paragraphs 14-23 above in an aggregate amount equal to approximately $2,254,000.

29. Pursuant to Section 16(b) of the Act, the profits realized by the Phoenix Defendants as described in paragraph 28 above inured to and are the lawful property of nominal Defendant Communication Intelligence Corporation, recoverable by Plaintiff in its stead, nominal Defendant Communication Intelligence Corporation having failed or refused to seek recovery of the same.

## SECOND CLAIM FOR RELIEF
### (AS TO ALL THE PHOENIX DEFENDANTS)

30. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-29 above.

31. This Second Claim for Relief is a precaution against possible errors of detail attributable to gaps or inaccuracies in the public record, the failure of any Defendant to file reports as required by Section 16(a) of the Act, or against the discovery or execution of additional short-swing trades during the course of this action.

32. One or more of the Phoenix Defendants purchased and sold shares of a class of the equity of nominal Defendant Communication Intelligence Corporation (or derivative securities thereof) within less than six months while an officer, director, or holder of in excess of 10% of the outstanding shares of any class of the equity of nominal Defendant Communication Intelligence Corporation registered pursuant to Section 12 of the Act.

33. The purchases and sales described in paragraph 32 above cannot be identified by Plaintiff with specificity because they have not been publicly reported, and Defendants have failed or refused to disclose these trades (or the absence thereof).

34. Each Phoenix Defendant had a direct or indirect pecuniary interest in all of the shares of the equity of nominal Defendant Communication Intelligence Corporation purchased or sold as described in paragraph 32 above.

35. The purchases and sales described in paragraph 32 above may be matched with each other (or with other sales and purchases described herein) using the "lowest-in, highest-out" method to arrive at profits, their exact amount being unknown to Plaintiff, which profits inured to and are the lawful property of nominal Defendant Communication Intelligence Corporation, recoverable by Plaintiff in its stead, nominal

Defendant Communication Intelligence Corporation having failed or refused to seek recovery of the same.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

[*remainder of page intentionally left blank*]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment:

(a) Requiring each Phoenix Defendant to account for and pay over to nominal Defendant Communication Intelligence Corporation the short-swing profits realized and retained by such Phoenix Defendant in violation of Section 16(b) of the Act, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting to Plaintiff such other further relief as the Court may deem just and proper.

Dated: April 21, 2011
New York, New York

HUNTER & KMIEC

By: _____

James A. Hunter
150 East 44th Street, No. 9A
New York, New York  10017
Tel:     (646) 666-0122
Fax:    (646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Plaintiff*